**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By:   John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel: (973) 314-8010 / Fax: (833) 693-1201
JAtkin@AtkinFirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>SYED IMTEAZ,<br><br>                    Defendant. | Case No. 2:19-cv-14008-MCA-MAH<br><br>**AFFIDAVIT OF**<br>**JOHN C. ATKIN, ESQ.** |

**JOHN C. ATKIN,** Esquire, of full age, states:

1. I am an attorney-at-law in the State of New Jersey and a member of the law firm of The Atkin Firm, LLC, counsel for Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") in the above-captioned matter.  I make this affidavit based on personal knowledge in support of Strike 3's proof of service, pursuant to Federal Rule of Civil Procedure 4(e) and 4(*l*), and New Jersey Court Rules 4:4-3(a) and 4:4-7.

2. On June 19, 2019, Plaintiff filed a complaint against Defendant as a John Doe entity asserting a claim of copyright infringement through the BitTorrent protocol using IP address 74.105.21.243.  ECF No. 1.

3. On September 3, 2019, the Court granted Plaintiff's motion to conduct early discovery in the form of a subpoena on Defendant's internet service provider ("ISP") to learn the true name and address of the subscriber assigned IP address 74.105.21.243 during a time when infringement was recorded by Plaintiff's BitTorrent investigator.  ECF No. 5.

4. On September 9, 2019, Plaintiff served and subpoena on Defendant's ISP, as authorized by the Court, and received a response on October 25, 2019.

5. On September 13, 2019, Plaintiff filed a motion seeking an extension to the deadline to effectuate service of process in this matter.  ECF No. 6.

6. On October 25, 2019, the Court entered an Order extending the deadline for Plaintiff to effectuate service of process in this matter to December 23, 2019. ECF No. 7.

7. After receiving the ISP response, Plaintiff conducted a good faith investigation using that information and public resources and determined that Defendant is likely the true infringer using IP address 74.105.21.243 to infringe upon Plaintiff's copyrighted works.

8. Accordingly, on November 11, 2019, Plaintiff filed a First Amended Complaint, ECF No. 8, and requested that the Clerk of the Court issue a summons for Defendant, ECF No. 9, which was issued on that same day. ECF No. 11.

9. On November 19, 2019, Plaintiff engaged Guaranteed Subpoena Service, Inc. ("GSS"), to effectuate service of process on Defendant.

10. As outlined in the Affidavit of Due Diligence attached as **Exhibit A**, GSS made reasonable and good faith attempts to effectuate service of process at Defendant's home address on November 30, 2019 and December 10, 2019.

11. On the second attempt, the front desk staff of Defendant's apartment complex called Defendant, who informed the process server that he was currently in San Francisco, California, after which he would be traveling to an undisclosed location in New Zealand for an extended period of time.

12. On December 10, 2019, GSS informed Plaintiff of its inability to effectuate personal service of process on Defendant.

13. On or about December 10, 2019, Plaintiff engaged Timothy McGuire of First Legal as a process server in California, and instructed the process server to attempt to accomplish personal service of process on Defendant at a Barclays Investment Bank's office located at 555 California Street, San Francisco, CA 94104, pursuant to Federal Rule of Civil Procedure 4(e) and New Jersey Court Rule 4:4-5(b)(1)(A).

14. As outlined in the Affidavit of Due Diligence attached as **Exhibit B**, Mr. McGuire made a reasonable and good faith attempt to effectuate service on Defendant at the Barclays San Francisco office on December 11, 2019, but the front desk staff at Barclays' San Francisco office refused to disclose whether Defendant was on the premises or to permit any Barclays employee to be served with process on the premises.

15. Accordingly, on December 13, 2019, I caused a copy of the Summons and First Amended Complaint to be served on Defendant via ordinary and certified mail, return receipt requested, sent to Defendant's usual place of abode, located at 2 2nd Street, Unit 2506, Jersey City, NJ 07302.

16. On that same date, I simultaneously caused a copy of the Summons and First Amended Complaint to be served on Defendant via ordinary and certified mail, return receipt requested, sent to Defendant's place of business or employment, located at Barclays Investment Bank, 745 7th Ave., New York, NY 10019. These mailings were both sent with postal instructions to deliver to Defendant only.

17. Defendant has refused to claim or accept delivery of the certified mail sent to his usual place of abode.

18. Defendant has refused to claim or accept delivery of the certified mail sent to his place of business or employment.

19. The ordinary mail sent to Defendant's usual place of abode has not been returned to the undersigned.

20. The ordinary mail sent to Defendant's place of business or employment has not been returned to the undersigned.

21. Plaintiff performed a diligent inquiry to determine Defendant's place of abode by:

   a. Utilizing Maxmind, Inc.'s geolocation service to approximate Defendant's location as being in Jersey City, New Jersey. See ECF No. 1-1.

   b. Obtaining leave of court to subpoena Defendant's ISP to obtain his name and address;

   c. Obtaining a comprehensive report from Delvpoint showing Defendant's current and past addresses; and

   d. Sending a process server to Defendant's current abode, who was able to have the front desk personnel call Defendant (confirming he resided there) to inquire if he would accept personal service of process.

22. Plaintiff performed a diligent inquiry to determine Defendant's place of business or employment by:

    a. Obtaining a comprehensive report from Delvpoint showing Defendant's current and past employers; and

    b. Reviewing Defendant's publicly available social media, including Facebook and LinkedIn.

23. A copy of a print-out from the U.S. Post Office's website showing the certified mail sent to Defendant's place of abode was unclaimed is attached hereto as **Exhibit C**.

24. A copy of a print-out from the U.S. Post Office's website showing the certified mail sent to Defendant's place of business or employment is attached hereto as **Exhibit D**.

25. I hereby certify that on January 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system. I further certify that a copy of this document was sent to Defendant via First Class and Certified Mail at 2 2nd Street, Unit 2506, Jersey City, NJ 07302.

26. I certify under penalty of perjury that the foregoing is true and correct.

Dated: January 3, 2020        By:   */s/ John C. Atkin, Esq.*
                                             JOHN C. ATKIN