**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By:   John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel: (973) 314-8010 / Fax: (833) 693-1201
JAtkin@AtkinFirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

**LESLIE A. FARBER, LLC**
By:   Leslie A. Farber, Esq.
33 Plymouth St., Ste. 204
Montclair, NJ 07042
(973) 509-8500
LFarber@LFarberLaw.com
*Attorneys for Defendant Syed Imteaz*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 74.105.21.243,<br><br>Defendant. | Civil Case No. 2:19-cv-14008-MCA-MAH<br><br>**ORDER** |

**THIS MATTER** having been opened to the Court by a consolidated motion on behalf of Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3"), through counsel, The Atkin Firm, LLC, and Defendant John Doe subscriber assigned IP

address 74.105.21.243 ("Defendant"),[1] through counsel, Leslie A. Farber, LLC (collectively the "Parties"), seeking an order (1) sealing materials pursuant to Local Civil Rule 5.3, (2) renaming this matter to refer to Defendant pseudonymously; and (3) entering a protective order to permit Defendant to defend this matter pseudonymously and to enjoin Plaintiff from revealing personal information about Defendant absent permission from the Court; and the Court having considered the papers submitted in support of the Motion, hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On January 23, 2020, the parties filed a Joint Motion to Seal Certain Materials (the "Motion"), pursuant to Local Civil Rule 5.3, seeking to seal the following subject materials (collectively, the "Subject Material"):

   a) Amended Complaint. ECF No. 8

   b) Plaintiff's request for Summon to be Issued. ECF No. 9

   c) Affidavit of John C. Atkin, Esq. regarding Service of Process. ECF No. 12.

   d) Stipulation extending Defendant's time to respond to the Amended Complaint. ECF No. 13.

---

[1] Defendant has been identified by Plaintiff Strike 3 as the individual allegedly responsible for the copyright infringement at issue in this matter. Defendant denies these allegations. Because the Court grants the parties' joint application to seal and for a protective order, this Order refers to Defendant pseudonymously.

  e) Stipulation and Order Extending Time to Respond to Complaint. ECF No. 14.

  f) The parties' instant application to seal. ECF No. 15.

2. The Parties set forth the portions of the Subject Material that the Parties seek to seal, the basis for sealing those portions of the Subject Material, and the injury that will result if the portions of the Subject Material are not sealed in the Index filed with the Declaration of Defendant [hereinafter "Doe Decl."].

3. Portions of the Subject Material submitted to be sealed disclose, cite, discuss, rely upon, and comprise Defendant's livelihood and reputation. *See* Doe Decl., ¶¶ 1-8.

4. A clearly defined and serious injury will result to Defendant if not permitted to file and reclassify portions of the Subject Material under seal and change the Defendant's name in the current caption.

5. Specifically, Defendant avers that he may face retaliation and/or termination from his employer and that he may find it difficult to find new employment in his current, specialized field of work.*See* Doe Declaration at ¶¶ 1-5.In addition, since Defendant is supporting himself and some family members, Defendant asserts that he and various family members are likely to suffer irreparable harm if Defendant's identity is revealed. *See* Doe Decl., ¶¶ 1-8.

6. There is no less restrictive alternative to the filing of portions of the Subject Material under seal. Defendant is not asking that the entire case be sealed — only certain documents bearing defendant's real name (*see supra,* ¶ 1), and that Defendant's identity in the caption of the case revert to John Doe assigned IP address 74.105.21.243 (before Plaintiff filed its Amended Complaint). There no way other than sealing the requested documents and changing the captioned name of the case to protect Defendant's identity and his livelihood and reputation.

7. The parties have represented that the entire case has been settled in principal and will be dismissed with prejudice, subject to the performance of certain conditions.

8. The public interest in having access to the basic contours of the dispute giving rise to this filing is still served by the public filing of the Subject Material in redacted form.

## CONCLUSIONS OF LAW

9. Although there is a presumptive right of public access to judicial proceedings and records, district courts have recognized that such right is not absolute; and further, that the presumption may be rebutted. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

10. To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, the moving party must demonstrate (1) a substantial

and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking disclosure. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

11. Once the movant establishes the foregoing two elements, a district court will engage in a balancing process, pursuant to which, the court will weigh the common law presumption of access against those factors that militate against access. *In re Cendant Corp.*, 260 F.3d at 194; *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.3d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted).

12. The Court concludes that the articulated bases for sealing portions of the Subject Material weigh against any presumptive right of public access, and portions of the Subject Material must therefore be sealed as a matter of law.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law:

**IT IS** on this \_\_\_19th\_\_\_ day of \_\_\_February\_\_\_, 2020,

**ORDERED** that the Joint Motion to Seal Certain Materials [ECF No. 15] be and the same is hereby **GRANTED**;

**AND IT IS FURTHER ORDERED** that the Clerk is directed to permanently seal the Subject Material;

**AND IT IS FURTHER ORDERED** that, for good cause shown, the Clerk is directed to re-name this matter with the caption "Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 74.105.21.243" on the Court's Case Management/Electronic Case Files system;

**AND IT IS FURTHER ORDERED** that, for good cause shown, the parties joint request for Consent Protective Order is **GRANTED**; and

**AND IT IS FURTHER ORDERED** that Defendant shall be allowed to remain pseudonymous throughout this litigation as "John Doe" unless and until this Court orders otherwise. Plaintiff shall refrain from revealing any personal identifying information about Defendant on the public docket except under seal.

_____
EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE