# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>         v.<br><br>JOHN DOE subscriber assigned IP<br>address 74.105.21.243,<br><br>                              Defendant. | Civil Case No. 19-14008-MCA-ESK<br><br>**<u>CORRECTED SEALING ORDER</u>** |

**THIS MATTER** having been opened to the Court by a joint motion on behalf of Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3"), through counsel, The Atkin Firm, LLC, and Defendant John Doe subscriber assigned IP address 74.105.21.243 ("Defendant"), through counsel, Leslie A. Farber, LLC (collectively the "Parties"), seeking an order (1) sealing materials pursuant to Local Civil Rule 5.3, (2) renaming this matter to refer to Defendant pseudonymously; and (3) entering a protective order to permit Defendant to defend this matter pseudonymously and to enjoin Plaintiff from revealing personal information about Defendant absent permission from the Court; and Defendant having been identified by Plaintiff Strike 3 as the individual allegedly responsible for the copyright infringement at issue in this matter; and Defendant

denying these allegations; and the Court intending to grant the parties' joint application to seal and for a protective order, and thus this Order referring to Defendant pseudonymously; and the Court having otherwise considered the papers submitted in support of the Motion, hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.  On January 23, 2020, the parties jointly moved to seal certain materials, pursuant to Local Civil Rule 5.3, seeking to seal the following (collectively, the "Subject Material"):

   a)  Amended Complaint. ECF No. 8 through ECF No. 8-2.

   b)  Plaintiff's request for Summons to be Issued. ECF No. 9.

   c)  Affidavit of John C. Atkin, Esq. regarding Service of Process.  ECF No. 12 through ECF No. 12-4.

   d)  Stipulation extending Defendant's time to respond to the Amended Complaint. ECF No. 13.

   e)  Stipulation and Order Extending Time to Respond to Amended Complaint. ECF No. 14.

   f)  The parties' instant application to seal. ECF No. 15 through ECF No. 15-5.

   g)  A corrected version of Defendant's Declaration in support of the instant application to seal. ECF No. 16.

   h)  The Court's February 18, 2020, Order scheduling an Initial

Scheduling Conference. ECF No. 17.

2.     The Parties set forth the portions of the Subject Material that the Parties seek to seal, the basis for sealing those portions of the Subject Material, and the injury that will result if the portions of the Subject Material are not sealed in the Index filed with the Declaration of Defendant [hereinafter "Doe Decl."].

3.     Portions of the Subject Material submitted to be sealed disclose, cite, discuss, rely upon, and compromise Defendant's livelihood and reputation. *See* Doe Decl., ¶¶ 1–8.

4.     A clearly defined and serious injury will result to Defendant if Defendant is not permitted to file and reclassify portions of the Subject Material under seal and to change Defendant's name in the current caption.

5.     Specifically, Defendant avers that Defendant may face retaliation and/or termination from Defendant's employer and that Defendant may find it difficult to find new employment in Defendant's current, specialized field of work. *See* Doe Declaration at ¶¶ 1–5. In addition, since Defendant is supporting Defendant and some family members, Defendant asserts that Defendant and various family members are likely to suffer irreparable harm if Defendant's identity is revealed. *See* Doe Decl., ¶¶ 1–8.

6.     There is no less restrictive alternative to the filing of portions of the

3

Subject Material under seal. Defendant is not asking that the entire case be sealed — only certain documents bearing Defendant's real name, and that Defendant's identity in the caption of the case revert to John Doe subscriber assigned IP address 74.105.21.243 (before Plaintiff filed its Amended Complaint). There is no way other than sealing the requested documents and changing the captioned name of the case to protect Defendant's identity and Defendant's livelihood and reputation.

7.     The parties have represented that the entire case has been settled in principle and will be dismissed with prejudice, subject to the performance of certain conditions.

8.     The public interest in having access to the basic contours of the dispute giving rise to this filing is still served by the public filing of the Subject Material in redacted form.

## CONCLUSIONS OF LAW

9.     Although there is a presumptive right of public access to judicial proceedings and records, district courts have recognized that such right is not absolute; and further, that the presumption may be rebutted. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

10.     To overcome the presumption of openness, and to justify the entry of

an order sealing judicial records, the moving party must demonstrate (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking disclosure. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

11.     Once the movant establishes the foregoing two elements, a district court will engage in a balancing process, pursuant to which, the court will weigh the common law presumption of access against those factors that militate against access. *In re Cendant Corp.*, 260 F.3d at 194; *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry because the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted).

12.     The Court concludes that the articulated bases for sealing portions of the Subject Material weigh against any presumptive right of public access, and portions of the Subject Material must therefore be sealed as a matter of law. Therefore, pursuant to the foregoing Findings of Fact and Conclusions of Law, and for good cause appearing:

 **IT IS** on this  24th  day of <u>February</u>, 2020,

    **ORDERED** that the Order previously entered under ECF No. 18 is

**VACATED**; and it is further

    **ORDERED** that the joint motion to seal certain materials and to enter a

consent protective order [**ECF No. 15**] be and the same is hereby **GRANTED**; and

it is further

    **ORDERED** that the Clerk of the Court is directed to permanently seal the

following Subject Material:

      a) Amended Complaint. ECF No. 8 through ECF No. 8-2.

      b) Plaintiff's request for Summons to be Issued. ECF No. 9.

      c) Affidavit of John C. Atkin, Esq. regarding Service of Process.  ECF No. 12 through ECF No. 12-4.

      d) Stipulation extending Defendant's time to respond to the Amended Complaint. ECF No. 13.

      e) Stipulation and Order Extending Time to Respond to Amended Complaint. ECF No. 14.

      f) The parties' instant application to seal. ECF No. 15 through ECF No. 15-5.

      g) A corrected version of Defendant's Declaration in support of the instant application to seal. ECF No. 16.

      h) The Court's February 18, 2020, Order scheduling an Initial Scheduling Conference. ECF No. 17; and it is further

**ORDERED** that the now-vacated order under ECF No. 18, to the extent that it remains on the electronic docket, will be sealed by the Clerk of the Court, because the order contains a reference to Defendant's name; and it is further

**ORDERED** that the parties are directed to file versions of the following documents with redactions of Defendant's name and other identifying information within 14 days of the entry of this Order:

a)   the Amended Complaint.

b)   Plaintiff's request for Summons to be Issued.

c)   Affidavit of John C. Atkin, Esq. regarding Service of Process. ECF No. 12 through ECF No. 12-4.

d)   Stipulation extending Defendant's time to respond to the Amended Complaint. ECF No. 13.

e)   The parties' instant application to seal. ECF No. 15 through ECF No. 15-5.

f)   The corrected version of Defendant's Declaration in support of the instant application to seal. ECF No. 16; and it is further

**ORDERED** that any reference in any entry upon the electronic docket that contains Defendant's name — *i.e.*, ECF Nos. 8, 9, 10, 11, 12, 13, 14, and 15 — should be altered to John Doe subscriber assigned IP address 74.105.21.243; and it is further

**ORDERED** that, for good cause shown, the Clerk is directed to re-name this

matter with the caption "Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 74.105.21.243" on the Court's Case Management/Electronic Case Files system; and it is further

**ORDERED** that Defendant shall be allowed to remain pseudonymous throughout this litigation as "John Doe" unless and until this Court orders otherwise. Plaintiff shall refrain from revealing any personal identifying information about Defendant on the public docket except under seal.

_/s/ Edward S. Kiel_

HON. EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE